IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRUCE A. CURTIS,

                Petitioner,

     v.                                   CASE NO. 07-3266-RDR

CLAUDE CHESTER, et al.,

                Respondents.

## MEMORANDUM AND ORDER

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed the record, the court finds this matter is ready for decision and denies the petition.

## BACKGROUND AND CLAIMS

The United States District Court for the Eastern District of California sentenced petitioner to a term of life in prison on his conviction for first degree murder/felony murder in 1976. In October 1998, petitioner was released on parole. Following repeated revocations of parole, incarceration, and re-parole, petitioner was arrested by state agents in July 2002 and charged with attempted forcible rape, attempted forcible sodomy, felony assault, and threats. In June 2003, petitioner entered a guilty plea to the felony assault charge, and was sentenced to a seven year prison term. Pursuant to the plea agreement, the state dismissed the remaining charges.

In August 2003, the United States Parole Commission (USPC)

found probable cause for revocation of petitioner's parole, and identified petitioner's violations of the conditions of his release as petitioner's assault - based on his guilty plea and state conviction, and petitioner's attempted forcible sodomy, attempted forcible rape, and threats - based on his parole officer's letter and the state police report. USPC scheduled a revocation hearing and indicated the adverse witnesses appearing would include petitioner's federal parole officer, and the victim and a detective in the state offense.

Petitioner objected to the state detective being present to testify at the hearing, and requested an institutional hearing with waiver of his right to have adverse witnesses present. The hearing officer instead proceeded with a local revocation hearing, and issued subpoenas for the victim and state detective. However, the victim had moved with no forwarding address and did not appear at the revocation hearing. When petitioner objected to the victim not being present, petitioner's attorney and investigator confirmed they were unable to locate her. The hearing officer found petitioner had waived his right to cross-examine the victim by requesting an institutional hearing, and found good cause for the victim's non-appearance.

Based on testimony from petitioner and the state detective, the hearing examiner determined in part by a preponderance of the evidence that petitioner had committed attempted sodomy and attempted rape. In November 2003, USPC revoked petitioner's parole and continued his case for reconsideration in fifteen years, finding a reparole decision above the guidelines was warranted.

Petitioner appealed, claiming USPC applied the wrong guidelines, incorrectly computed his sentence, and improperly relied on past behavior to go beyond the guidelines. Petitioner also claimed he had ineffective assistance of counsel during the revocation proceeding, and claimed there was insufficient evidence for USPC to find he had committed attempted rape and attempted sodomy.

In March 2004, the National Appeals Board affirmed the revocation of petitioner's parole with reconsideration in fifteen years. The Board noted petitioner's admission to the state assault charge and denial of the more serious offenses, and indicated it was not bound by the state court's dismissal of those more serious charges as part of petitioner's plea agreement. It found no indication the more serious charges were dismissed for lack of proof, and found no "new information" had been presented as petitioner alleged.

Petitioner thereafter filed the instant action to challenge the 2003 revocation of his parole. He first claims USPC violated his right to confront and cross-examine the victim. Second, petitioner claims USPC engaged in double counting by exceeding parole violation guidelines based on reasons already cited in initially denying him parole or calculating his salient factor score.

### STANDARD OF REVIEW

"Judicial review of Parole Board decisions is narrow. The Commission's decision will stand unless it is arbitrary and capricious. It is not the function of courts to review the Board's discretion in denying parole or to repass on the credibility of

reports received by the Board in making its determination. A reviewing court must make some inquiry into the factual basis for the Commission's decision. But the inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." Peltier v. Booker, 348 F.3d 888, 892-93 (10th Cir. 2003)(*quotations and citations omitted*).

*Right of Confrontation*

Petitioner contends the right of confrontation is mandatory with few exceptions, and that USPC's use of unsworn police report, hearsay evidence, and the denial of his right to confront adverse witness denied him due process in the revocation hearing.

Petitioner has no absolute right to confront adverse witnesses. Kell v. U.S. Parole Com'n, 26 F.3d 1016, 1020 (10th Cir. 1994)(*citing* Gagnon v. Scarpelli, 411 U.S. 778, 782 n.5 (1973)). It is well settled that the revocation of parole is not part of a "criminal prosecution," and that such proceedings are subject to "minimum requirements of due process," including "the right to confront and cross examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation." Morrissey v. Brewer, 408 U.S. 471, 489 (1972). It is also recognized that the traditional rules of evidence generally do not apply. Instead, "the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." Id.

4

*See e.g.* <u>Kell</u>, 26 F.3d at 1020 ("parole officer's reports contain sufficient indicia of reliability to be appropriate substitutes for [parole officer's] live testimony").

Here, petitioner claims the sole evidentiary basis for USPC's revocation and reparole decision was hearsay evidence of the police detective who admitted no first hand knowledge of the reported events, and an unsworn police report. Petitioner further claims the last minute announcement by USPC that witness could not be found is an inadequate showing of good cause. The court disagrees.

Petitioner clearly does not challenge USPC's finding that revocation was warranted based upon petitioner's state conviction for assault. Instead, petitioner's challenge is directed at USPC's determination that revocation with reconsideration after fifteen years was unlawful because petitioner was denied his right to confront the victim. Petitioner contends he was thereby prejudiced because he was unable to rebut hearsay testimony, and because USPC allowed crimes he did not commit to be used to apply more onerous parole guidelines than for simple assault.

However, the Constitution does not bar parole authorities from considering criminal acts in circumstances where the parolee has not been convicted. *See* <u>Phillips v. True</u>, 992 F.Supp. 1255, 1257 (D.Kan. 1998)(*citing cases*). Because USPC only has to find a violation by a preponderance of the evidence rather than beyond a reasonable doubt as in a criminal proceeding, the State's dismissal of charges "does not require the Parole Commission to ignore the underlying conduct if it is supported by reasonable grounds." <u>Id</u>. Petitioner's reliance on the dismissal of the rape charge as part of

his agreement to plead guilty to the assault charge is thus misplaced.

Petitioner's reliance on McBride v. Johnson, 118 F.3d 432 (5th Cir. 1997), is misplaced as well. In McBride, the revocation of McBride's parole was based solely on hearsay evidence presented by the testimony of the officer who interviewed the alleged rape victim. The victim's credibility was in question because the jury had acquitted McBride of rape, and no good cause had been found for the victim's absence at the revocation hearing. Also, McBride voiced concern at the preliminary hearing that the victim be present, and was assured the victim would be found for the revocation hearing.

These facts are clearly distinguishable from the present case, where petitioner admitted to assaulting the victim, the dismissal of the attempted rape and attempted sodomy charges pursuant to a plea agreement did not constitute an acquittal on those charges, only petitioner questioned the victim's credibility, and the hearing officer found good cause for the victim's failure to appear at the revocation hearing. Also, petitioner first offered to waive his right to confront adverse witnesses, and did not request the victim's presence until advised at the revocation hearing that the victim could not be located.

In sum, USPC's decision to revoke parole with reconsideration after fifteen years is fully supported by the record, and the victim's absence at the revocation hearing did not impair petitioner's ability to contest adverse information or present mitigating evidence. Petitioner admitted to assaulting the victim

6

because he was unable to have sex with her which corroborated more than undermined the victim's version that petitioner had attempted to rape and sodomize her. The state detective provided eyewitness testimony of the victim's appearance, and a detailed police report. No violation of petitioner's right to due process resulted when petitioner was unable to confront and cross-examine the victim at his revocation hearing.

*Double Counting*

"Double counting occurs when the Commission justifies a decision beyond the guidelines by relying on the factors for calculating offense severity under the guidelines." Kell, 26 F.3d at 1020. However, USPC's consideration of discrete incidents under the guidelines does not preclude it from considering a pattern of behavior, even if this necessitates consideration of the same events in determining whether reincarceration beyond the guidelines is appropriate. Id.

In the present case, USPC found a decision above the guidelines was warranted because petitioner was a more serious risk than indicated by the guidelines. It cited petitioner's original offense behavior of murder while attempting rape, petitioner's admission of using alcohol prior to that offense, petitioner's institutional record of misconduct including substance abuse and exposing himself to female staff, and the similarity of petitioner's violation behavior to his prior conduct which indicated he was a sexual predator likely to commit similar behavior if released again. *See* USPC Notice of Action, November 3, 2003 (Doc. 4, p.13). Thus the decision to depart from the guidelines was properly based on the

7

extent, nature, and repetition of petitioner's assaultive and sexual behavior. There was no abuse of USPC's discretion to consider this information in setting petitioner's guideline range and in determining petitioner's risk to the public safety if released according to the guidelines. *See e.g.* Allen v. Hadden, 738 F.2d 1102, 1104-05 (10th Cir. 1984)(an obvious relationship between the factors does not mean they are the same). It is settled law that a decision may exceed the guidelines when the circumstances of the offender warrants such treatment. The court finds a rational basis exists in the record for USPC's decision to exceed the guidelines in petitioner's case.

## CONCLUSION

For the reasons stated herein, the court concludes petitioner is entitled to no relief under 28 U.S.C. § 2241 because petitioner demonstrates no violation of his constitutional rights, or any arbitrary and capricious action or abuse of discretion by USPC.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that petitioner's motion for an evidentiary hearing and decision (Docs. 21 and 26) are denied as moot.

**IT IS SO ORDERED.**

DATED: This 28th day of October 2009 at Topeka, Kansas.

                                                s/ Richard D. Rogers
                                                RICHARD D. ROGERS
                                                United States District Judge